ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 OCT 26 PM 1:32

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-111 |
| | ) | |
| RONALD STRENGTH, Sheriff, Richmond | ) | |
| County, Georgia, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Willie Wesley Brown, an inmate incarcerated at Calhoun State Prison in Morgan, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. After a review of Plaintiff's complaint and prior history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810,

110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, the litigant is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2).

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted).

2

Under penalty of perjury, Plaintiff only disclosed one (1) of the other federal lawsuits that he has filed in federal court. (Doc. no. 1, p. 2). The case that Plaintiff disclosed was Brown v. Overstreet, Civil Case No. 107-112 (S.D. Ga. Aug. 15, 2007) (currently pending). Plaintiff's response was dishonest, as the Court is aware that prior to the date Plaintiff filed the instant case, he had filed at least three (3) other cases in federal court that he failed to disclose in his complaint: (1) Brown v. Donald, Civil Case No. 107-333 (N.D. Ga. Feb. 6, 2007) (dismissed in June 2007, for failure to comply with a lawful court order); (2) Brown v. Appeals Court of Georgia, Civil Case No. 107-334 (N.D. Ga. Feb. 6, 2007) (dismissed in June 2007, for failure to comply with a lawful court order); and (3) Brown v. Donald, Civil Case No. 107-1730 (N.D. Ga. June 23, 2007) (currently pending). Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[2]

---

[2] The court in Parker thoughtfully ruled as follows:

> The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before

3

In sum, Plaintiff has abused the judicial process by providing dishonest information about his filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for abuse of the judicial process.[3]

SO REPORTED and RECOMMENDED this 26th day of October, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[3] The practice of dismissing a case as a sanction for providing false information about prior filing history has been previously utilized in the Southern District. See Hood v. Tompkins, et al., Civil Case No. 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 Fed. Appx. 818 (11th Cir. Aug. 7, 2006); see also Harris v. Guy, et al., Civil Case No. 605-061 (S.D. Ga. Dec. 15, 2005) (dismissing complaint without prejudice as sanction for plaintiff's abuse of judicial process).

4