IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-111 |
| | ) | |
| RONALD STRENGTH, Sheriff, Richmond | ) | |
| County, Georgia, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R") (doc. no. 7), to which objections (doc. no. 12) have been filed.

The Magistrate Judge recommended that the above-captioned case be dismissed without prejudice as a sanction for abuse of the judicial process.[1] (Doc. no. 7). Plaintiff objects to the R&R because, *inter alia*, he presumed that his filing history was irrelevant to the above-captioned case and noted that the forms provided to him for drafting the above-captioned complaint had limited space for listing his filing history. (Doc. no. 12, pp. 1-2). Plaintiff also maintains that he "never gave an affirmative answer denying the prior federal court filings, and such omission cannot rightfully be converted and construed as such." (Id.

---

[1] Specifically, the Magistrate Judge recommended dismissal because Plaintiff failed to disclose in his complaint all of the cases that he has commenced in federal court. (Doc. no. 7, pp. 3-4).

at 2). Plaintiff further contends that his prior case filings "are not applicable to the facts and circumstances of the instant affairs and are not the correct determining standard of review toward the instant issue." (Id.). Plaintiff also complains that the Court "failed to adequately advise [him] of the mandatory nature of providing a complete and thorough account of all prior federal court filings and/or the possible punishment for such noncompliance." (Id. at 3). Nevertheless, Plaintiff submits that, when failing to disclose his entire filing history, he did not intend to be dishonest, and thus, dismissal of his complaint would be unfair and unjust. (Id. at 3-4).

Plaintiff's objections are without merit. As the Magistrate Judge correctly noted, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" clearly requires that prisoner plaintiffs "*describe each lawsuit* in the space below." (Doc. no. 1, pp. 1-2 (emphasis added)). The form makes no reference to cases that the prisoner plaintiff deems worthy of disclosing or presumes relevant. Furthermore, the form clearly states, "If there is more than one lawsuit, *describe the additional lawsuits on another piece of paper*, using the same outline." (Id. (emphasis added)). Thus, Plaintiff's limited space argument is similarly without merit. Moreover, when submitting the above-captioned complaint, Plaintiff "*declare[d] under penalty of perjury* that the foregoing is true and correct." (Id. at 6 (emphasis added)). Indeed, Plaintiff affirmatively indicated that, by failing to fully disclose his entire filing history, he had not filed any other lawsuits, and Plaintiff was forewarned of the penalty associated with submitting dishonest information. Finally, although Plaintiff may not have intended to deceive the Court, the fact remains that he did provide dishonest

2

information concerning his filing history. As the Magistrate Judge explained, the Court cannot tolerate any false response or statements in pleadings because, if the Court cannot rely on the statements or responses submitted, the quality of justice is threatened. (Doc. no. 7, p. 4 (citing Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996)). Thus, Plaintiff's intent and fairness arguments are also without merit.

In conclusion, the R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for abuse of judicial process, and this civil action is **CLOSED**.[2]

SO ORDERED this 21 day of February, 2008, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that, subsequent to the entry of the R&R, Plaintiff filed a motion to amend, wherein he seeks leave to amend his complaint to include the cases noted in the R&R that he failed to disclose in his complaint. (Doc. no. 13). The Federal Rules of Civil Procedure allow a party to amend its pleading once, as a matter of course, at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). However, allowing Plaintiff to amend his complaint to include the cases cited in the R&R at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history. See Hood v. Tompkins, CV605-094 (S.D. Ga. Oct. 31, 2005) aff'd, 197 Fed. Appx. 818 (11th Cir. Aug. 7, 2006) (per curiam). As such, Plaintiff's motion to amend is **DENIED**. Although the Court is not permanently barring Plaintiff from bringing a meritorious claim, it is dismissing the above-captioned case without prejudice as a sanction for his failure to fully disclose his entire filing history.